OPINION
{¶ 1} Defendant-appellant Storme Adkins appeals from his conviction and sentence, following a no-contest plea, to one count of Possession of Crack Cocaine in an amount equaling or exceeding ten grams, but less than twenty-five grams, and to one *Page 2 
count of Possession of Criminal Tools. Adkins contends that the trial court erred by denying his motion to suppress, because the crack cocaine found on his person was found as the result of an improper pat-down for weapons. He also argues that his trial counsel was ineffective for not having included within the scope of the motion to suppress a claim that the officers who stopped Adkins lacked a reasonable and articulable suspicion, because the stop was the result of information from an anonymous informant whose reliability had not been established.
 {¶ 2} We conclude that the record fails to establish the predicate for the ineffective assistance of trial counsel claim — that the stop resulted from information from an anonymous informant whose reliability had not been established. We further conclude that there is evidence in the record from which the trial court could find, as it did, that the weapons pat-down leading to the discovery of crack cocaine was proper. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} At about 10:15 at night, on August 30, 2006, Dayton police officers Matthew Beavers and Mike Wolpert, uniformed officers in a marked cruiser, were dispatched to the 900 block of Richmond Avenue, in Dayton, on a report, based on "several calls" reporting that drugs were being sold at that corner. Upon their arrival, they found four males answering the description, including Adkins and his thirteen-year-old son. The three adults provided identification. One of them, not Adkins, was found to have a warrant outstanding, and was taken into custody. Beavers asked the four if they minded being patted down for weapons. *Page 3 
 {¶ 4} Beavers patted down Adkins for weapons. Beavers testified: "Lots of times people hide guns and drugs in their buttocks area. As soon as I got to the buttocks area, I felt a very large rock that I immediately recognized as crack cocaine." Beavers recovered the crack cocaine from Adkins's person. Adkins was arrested. He was charged by indictment with one count of Possession of Crack Cocaine, and one count of Possession of Criminal Tools.
 {¶ 5} Adkins moved to suppress evidence, contending that it was obtained as a result of an unlawful pat-down for weapons. His pre-hearing memorandum in support of his motion, in its entirety, is as follows: "The officer unlawfully searched Defendant under the guise of a `pat down.'" Adkins's post-hearing memorandum likewise limited the scope of his argument to his contention that Beavers went beyond the proper scope of a pat-down search.
 {¶ 6} Following a hearing, the trial court overruled Adkins's motion to suppress. Adkins then pled no contest to Possession of Crack Cocaine and Possession of Criminal Tools. A judgment of conviction was entered, and he was sentenced accordingly. From his conviction and sentence, Adkins appeals.
 II {¶ 7} Adkins's First Assignment of Error is as follows:
 {¶ 8} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY THE ACTS OR OMISSIONS OF HIS ATTORNEY . . . IN VIOLATION OF THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I
SECTION 10 OF THE OHIO CONSTITUTION." *Page 4 {¶ 9} Although this assignment of error is generally framed, Adkins narrows his argument:
 {¶ 10} "The appellant received ineffective assistance of counsel at trial for the following reason:
 {¶ 11} "1. Defense counsel failed to challenge the reliability of the anonymous tip leading to the pat down of appellant."
 {¶ 12} No other deficiency of trial counsel is asserted.
 {¶ 13} The record does not support the factual predicate for this argument. Specifically, there is nothing in the record to establish that the three calls to dispatch to which Beavers referred in his testimony were anonymous calls. Nor is there anything in the record to establish the reliability, or lack of reliability, of the informant or informants.
 {¶ 14} In an appeal based upon a claim of ineffective assistance of trial counsel, the appellant has the burden of demonstrating, from the record, that his trial counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 538
N.E.2d 373. Neither deficient performance nor resulting prejudice can be demonstrated from this record. Competent counsel is not expected to argue matters that have no factual basis. There is nothing in this record to demonstrate that there was a factual basis to challenge the reliability of the information forming the basis for the stop. The same deficiency in the record prevents us from finding that an argument attacking the propriety of the stop, had it been made, had any reasonable probability of success. *Page 5 
 {¶ 15} Adkins's First Assignment of Error is overruled.
 III {¶ 16} Adkins's Second Assignment of Error is as follows:
 {¶ 17} "THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO DISMISS [sic, "motion to suppress" seems to have been intended]."
 {¶ 18} Adkins argues that: (1) the State did not meet its burden of establishing justification for a weapons pat-down under Terry v.Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868; and (2) the frisk to which Adkins was subject exceeded the scope of a permissible search underTerry.
 {¶ 19} The argument that there was no basis for a weapons pat-down was not made in the trial court. To the contrary, in his post-hearing memorandum, Adkins states: "A `pat down' search for weapons conducted without manipulation was likely appropriate under the circumstances; however, the officer's demonstration of manipulation of his fingers during testimony of a purported `pat down' exceeded the scope of the `plain feel' doctrine articulated in Minnesota v. Dickerson (1993),508 U.S. 366, 113 S.Ct. 2130." We conclude that Adkins has forfeited any claim that there was not a sufficient basis for a weapons pat-down, because he did not raise this issue, and, in fact, appears to have conceded this issue, in the trial court.
 {¶ 20} Beavers testified concerning his search of Adkins's buttocks area:
 {¶ 21} "Lots of times people hide guns and drugs in their buttocks area. As soon as I got to the buttocks area, I felt a very large rock that I immediately recognized as crack cocaine." *Page 6 
 {¶ 22} Adkins's theory that Beavers exceeded the proper scope of a weapons pat-down is exemplified in the following line of questioning during re-cross-examination of Beavers:
 {¶ 23} "Q. When you described, testified your discovery of the hard rock, whatever it turned out to be, crack, you held your right hand in a cupped position. You agree with that, correct, when you testified?
 {¶ 24} "A. I agree that it was not a hundred percent flat.
 {¶ 25} "Q. Okay. And that manipulate means to move the hands in that fashion where the fingers begin to be the detectors, not the palm, correct?
 {¶ 26} "A. Manipulate does mean to move.
 {¶ 27} "Q. Manipulate means to move, well, manipulate means to move your finger —
 {¶ 28} "A. By your —
 {¶ 29} "THE COURT: Talking over each other. Go ahead, finish your answer, then you can pose the next question.
 {¶ 30} "A. By your definition of manipulation, you're stating that I'm moving my fingers.
 {¶ 31} "Q. I'm saying you've got your fingers out in a flat position.
 {¶ 32} "A. Correct. My hand was not perfectly flat like that, no. My hand may have been semi-cupped but I'm not manipulating."
 {¶ 33} In order for an item of contraband to be deemed to have been recognized by the searching officer's "plain feel," during a weapons pat-down, the item's nature as contraband must be ascertainable without manipulating the object, once the possibility *Page 7 
of its being a weapon has been excluded. Minnesota v. Dickerson (1993),508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334. Here, there is no indication that Beavers manipulated the object before immediately determining, simply through touching it, that it was crack cocaine.
 {¶ 34} In overruling Adkins's motion to suppress, the trial court summarized its findings as follows:
 {¶ 35} "In the case at bar, Adkins' sole contention is that during the weapons frisk, Officer Beavers used his fingers to manipulate Adkins' buttocks area to identify the crack cocaine, thereby engaging in an invalid warrantless search of his person. This factual assertion has been rejected by this Court. Rather, this Court has factually found that during the patdown, without any manipulation or movement of his fingers, Officer Beavers felt on Adkins' buttocks area a very large lumpy rock, which Beavers immediately recognized as crack cocaine. Thus, under the `Plain Feel Doctrine,' Officer Beavers was authorized to seize the crack without a warrant."
 {¶ 36} We conclude that there is evidence in the record to support these findings. In reaching this conclusion, we are aware that Adkins presented evidence of his own, in the form of his own testimony and that of his son, which contradicted the State's evidence in some respects. The trial court expressly found Beavers's testimony to be more credible than the testimony of Adkins and his son. We find nothing in the record to suggest that this credibility determination is unreasonable.
 {¶ 37} Adkins's Second Assignment of Error is overruled.
 IV *Page 8 {¶ 38} Both of Adkins's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and BROGAN, J., concur. *Page 1